UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY SCOTT ZIEGLER,<br><br>                    Petitioner,<br>   v.<br><br>STATE OF WASHINGTON,<br><br>                    Respondent. | No. C10-5263 BHS/KLS<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE 2254 PETITION |

      This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner Jeffrey Scott Ziegler, who is confined at the Red Rock Correctional Center in Eloy, Arizona, has filed Motions for Extension of Time to File a § 2254 Petition. Dkts. 5 and 8. Petitioner has paid the filing fee. Petitioner asks that he be given an additional sixty days to file a Petition for Writ of Habeas Corpus. Petitioner's motions are not accompanied by a petition for writ of habeas corpus.

      The court is unable to construe the motions for extension of time as a petition for writ of habeas corpus because it is not filed on the court-approved form and does not set forth any facts supporting Petitioner's request for habeas relief. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner states that his current deadline is "June 4, 2010 90 days from petition for reviews denial by WA Supreme Court 1yr deadline."

ORDER TO SHOW CAUSE - 1

However, Petitioner's motion does not provide any information about the crime(s) of which Petitioner was convicted, the date of his conviction, when his judgment of conviction was final or whether he has exhausted state court remedies on the claims he seeks to pursue in a § 2254 petition. Because the court cannot construe the motion for extension of time as a petition for writ of habeas corpus, the court must recommend dismissal of this action without prejudice, which will not prevent the Petitioner in any way from filing a petition for writ of habeas corpus in this court, unless Petitioner immediately files a petition in this action.

To the extent that Petitioner is seeking to toll the statute of limitations before filing a petition for habeas corpus, the court cannot grant such relief. No petition is currently pending before the court and it would therefore be inappropriate for the court to make any ruling tolling the statute of limitations. In the event that the respondent in any future habeas action instituted by Petitioner raises the 1-year period of limitation in 28 U.S.C. § 2254(d) as an affirmative defense, Petitioner will be free to argue that his petition is subject to equitable tolling. *See Corjasso v. Ayers,* 278 F.3d 874, 877 (9th Cir. 2002) (Section 2244(d) is subject to equitable tolling based on a showing of "exceptional circumstances" beyond the prisoner's control).

According, it is **ORDERED:**

(1) Petitioner's Motions for Extension of Time (Dkts. 5 and 8) are **DENIED.**

(2) Petitioner shall file a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254[1] **on or before June 22, 2010. If Petitioner fails to do so, the court will recommend that this matter be dismissed.**

---

[1] Petitioner must name the state officer having custody of him as the respondent to the petition. *Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2717 (2004) (quoting 28 U.S.C. § 2242). Because Mr. Ziegler is in custody pursuant to a Washington state court judgment, but is currently housed in an out-of-state prison, he should name Eldon Vail, Secretary of the Washington Department of Corrections as the respondent in his habeas petition.

ORDER TO SHOW CAUSE - 2

(3)     The Clerk of Court shall provide Petitioner with the current court-approved forms for filing a "Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody."

DATED   9th   day of June, 2010.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER TO SHOW CAUSE  - 3