UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY SCOTT ZIEGLER,<br><br>               Petitioner,<br><br>  v.<br><br>BRUNO STOLC,<br><br>               Respondent. | No. C10-5263 BHS/KLS<br><br>ORDER DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE |

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the court is Petitioner's motion for stay and abeyance. Dkt. 25. Having carefully reviewed the motion, Respondent's response in opposition (Dkt. 28), and balance of the record, the court finds that the motion should be denied.

On June 9, 2010, Petitioner filed his habeas corpus petition seeking to challenge his 2007 convictions for one count of rape of a child in the first degree and three counts of child molestation in the first degree. Dkt. 10. On July 29, 2010, Respondent filed an answer requesting that the petition be dismissed with prejudice on the grounds that all of Petitioner's claims are unexhausted. Dkt. 22. Respondent further argues that Mr. Ziegler's claims are now time-barred and RCW 10.73.090(3)(b) prohibits him from presenting his federal claims to the

ORDER DENYING MOTION FOR STAY AND ABEYANCE - 1

Washington courts absent cause and prejudice, or actual innocence, to excuse his procedural default. *Id.*

Upon review, the court concludes that a stay and abeyance is inappropriate in this case.

## DISCUSSION

In *Rhines v. Weber*, 544 U.S. 269, 274-279 (2005), the Supreme Court approved the "stay-and-abeyance" procedure for mixed petitions in light of the potential dilemma posed by the AEDPA statute of limitations, 28 U.S.C. § 2244(d). For petitioners who file mixed petitions and who are close to the end of AEDPA's one-year time limit, there is a probability that they will not have time in which to exhaust state remedies and refile in federal court before the limitations period runs. In such cases, rather than dismissing the mixed petition outright pursuant to *Rose v. Lundy*, a district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. *Rhines*, 544 U.S. at 275. Once he has exhausted his state remedies, the federal court will lift the stay and allow the petitioner to proceed on his now-exhausted claims. *Id.* at 275-76. The Supreme Court has emphasized, however, that this is a process to be used sparingly and under limited circumstances. *Rhines*, 544 U.S. at 277.

Petitioner requests a stay based on: "…the outcome of the Washington Supreme Court, and the United States District Court, have direct bearing on the issues in the District of Texas Court, especially when perjured testimony is being used." Dkt. 25, p. 1. Although his motion is unclear, it appears that Mr. Ziegler wishes to attempt to exhaust his claims in state court. The record reflects, however, that Mr. Ziegler is barred from filing a personal restraint petition because his judgment and sentence became final on March 13, 2009. Dkt. 23, Exh. 13. Washington law bars a defendant from filing a personal restraint petition more than one year after the defendant's judgment and sentence becomes final. RCW 10.73.090(3)(b). As it is now

ORDER DENYING MOTION FOR STAY AND ABEYANCE - 2

more than one year since the mandate issued in Mr. Ziegler's case, he is time barred from attempting to present his federal claims to the Washington courts absent a showing of cause and prejudice, or actual innocence, to excuse his procedural default.  Mr. Ziegler has made no such showing.

Accordingly, the court finds that a stay and abeyance in this case is not appropriate.  It is therefore, **ORDERED** that Petitioner's motion for a stay (Dkt. 25) is **DENIED**.

The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

DATED this 14th day of September, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR STAY AND ABEYANCE  - 3