UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY SCOTT ZIEGLER,<br><br>                      Petitioner,<br>    v.<br><br>BRUNO STOLC,<br>                      Respondent. | No. C10-5263 BHS/KLS<br><br>ORDER DENYING MOTIONS FOR COUNSEL, EXTENSION OF TIME AND FOR EVIDENTIARY HEARING |

This 28 U.S.C. § 2254 petition has been assigned to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S. C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner's previous motion for the appointment of counsel was denied.  Dkt. 12.  Petitioner files a second motion again requesting counsel because he is indigent.  Dkt. 26.  Petitioner also files a motion for extension of time to request an evidentiary hearing (Dkt. 29), and a motion for evidentiary hearing (Dkt. 30).

The decision to hold a hearing is committed to the court's discretion.  *Williams v. Woodford*, 306 F.3d 665, 688 (9th Cir. 2002).  The petitioner bears the burden of showing the need for a hearing.  *Pulley v. Harris*, 692 F.2d 1189, 1197 (9th Cir. 1982), rev'd on other grounds, 465 U.S. 37 (1984); *Baja v. Ducharme*, 187 F.3d 1075 (9th.Cir. 1999).  An evidentiary hearing is not required unless the petitioner alleges facts which, if proved, would entitle him to relief.  *Townsend v. Sain*, 372 U.S. 293, 312 (1963).  The petitioner must produce some evidence

ORDER - 1

demonstrating the existence of a genuine question of material fact. *Morris v. State of California*, 966 F.2d 448, 454-55 (9th Cir. 1991), cert. denied, 506 U.S. 831 (1992) (Wishful suggestions cannot substitute for declaratory or other evidence.)  A hearing is not required if the claim presents a purely legal question, or if the claim may be resolved by reference to the state court record. *Campbell v. Wood*, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 114 S. Ct. 2125 (1994).

Petitioner claims that his due process rights were violated when he was not given a sentence hearing during his initial sentencing and his resentencing, and when additional charges were added mid-trial.  Dkt. 10-2, pp. 1, 3.  Respondent argues that Petitioner has failed to exhaust his claims.  The court finds that these issues may be resolved solely by reference to the state court record.  Therefore, Petitioner's request for an evidentiary hearing is denied.

Likewise, Petitioner's request for the appointment of counsel is denied as these requests are linked to the granting of an evidentiary hearing.  *See* Rule 8(c), 28 U.S.C. § 2254.  (If an evidentiary hearing is required, the Court may appoint counsel for a petitioner who qualifies under 18 U.S.C. § 3006(A)(g)).   As Petitioner was previously advised, there is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required, because the action is civil, not criminal, in nature.  See *Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); and Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

Accordingly, it is **ORDERED**:

(1)    Petitioner's motions (Dkts. 26, 29 and 30) are **DENIED**.

(2)     The Clerk is directed to send copies of this Order to Petitioner.

DATED this  14th  day of September, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3